[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs have filed this summary process action seeking a judgment of possession for the premises known as 46 Watrous Avenue in Groton, Connecticut.
Trial was held on January 6, 2001. The following facts were proven by a preponderance of the evidence.
The plaintiffs are the owners of the subject premises. By written lease dated October 1, 2000, the plaintiffs leased 46 Watrous Avenue to the United States Coast Guard. The rental term commenced October 1, 2000 and was to end on September 30, 2005, unless terminated sooner.[1]
(Plaintiff's Exhibit 2.)
The Coast Guard rented the premises as housing for its members and their dependents.
On or about October 1, 2000, Brett Boulay, a member of the U.S. Coast Guard, and her spouse, the defendant Raymond Boulay, took possession of 46 Watrous Avenue with the permission of the lessee.
On November 6, 2000, Brett Boulay wrote to Chief Warrant Officer Robert Buotte, the housing officer at the U.S. Coast Guard Academy in New CT Page 1731 London, indicating that she wished to vacate the housing leased by the Coast Guard for "personal reasons." (Defendant's Exhibit A.) In that letter, Ms. Boulay indicated that she wished to vacate the premises by December 15, 2000. (Defendant's Exhibit A.)
Ms. Boulay left the subject premises in November, 2000. Her husband, Raymond Boulay, remained in possession of the premises and still resides there. On November 16, 2000, Raymond Boulay was served with a dissolution of marriage complaint initiated by his wife.
On November 6, 2000, the U.S. Coast Guard wrote to the plaintiff, Tom Wadlow, terminating the rental agreement in accordance with paragraph 6 of the parties' lease. (Plaintiff's Exhibit 3.) The November 6th correspondence indicated that the lease would expire on December 15, 2000. (Plaintiff's Exhibit 3.)
On November 14, 2000, Brett Boulay wrote to Raymond Boulay. Ms. Boulay informed her husband that the Coast Guard was terminating its lease with the plaintiffs and that Mr. Boulay would be required to vacate 46 Watrous Avenue by December 15, 2000. (Plaintiff's Exhibit 5.)
On December 11, 2000, the plaintiff's counsel issued a notice to quit addressed to Raymond Boulay, directing that he vacate the premises by December 16, 2000. The notice to quit indicated that the lease had terminated by lapse of time and that the defendant's original right or privilege to occupy 46 Watrous Avenue had terminated. The court's file reflects that the notice to quit was left at the defendant's usual place of abode on December 12, 2000 by a state marshal. The court finds that the notice to quit met the statutory requirements of Connecticut General Statutes section 47a-23.
The plaintiff filed this summary process action with the court on December 19, 2000. The writ and complaint bearing a return date of December 26, 2000 was served at the defendant's abode on December 18, 2000. The defendant filed a pro se appearance and an answer with special defenses on December 26, 2000.
Based on the foregoing, the court finds that it has jurisdiction over this matter.
 Discussion
In his answer, the defendant agreed that the Coast Guard permitted Brett Boulay, as one of its members, to enter into possession of 46 Watrous Avenue. He denied that his original right or privilege to occupy the premises had terminated. CT Page 1732
The defendant also alleged in his special defense that he is physically disabled and that his wife "canceled [the] lease under false pretense."
The court notes that the lease in question is between the plaintiffs and the United States Coast Guard. Brett Boulay, as a service member, and the defendant, as her dependent, were permitted to inhabit the premises leased by the Coast Guard. The lease between the Wadlows and the Coast Guard has been legally terminated. The court finds by a preponderance of the evidence that the right or privilege of the defendant Raymond Boulay to occupy 46 Watrous Avenue ended when the lease terminated on December 15.
Mr. Boulay testified at trial that he is legally disabled due to post-traumatic stress disorder and asserted the claim that Connecticut General Statutes section 47a-23c bars him from being evicted. However, that statute applies to disabled or elderly tenants who reside ". . . in a building or complex consisting of five or more separate dwelling units." Connecticut General Statutes section 47a-23c(a)(1). There was credible evidence at trial that 46 Watrous Avenue is a single-family house. The provisions of Connecticut General Statutes section 47a-23c do not apply to this case, and the defendant's eviction is not prohibited by that law.
The court recognizes that there is a dissolution of marriage action pending, in which the defendant has made various claims against his wife.
However, the focus in this summary process action is limited solely to the defendant's legal right to be in possession of the leased premises.
The court has found that the lease between the plaintiffs and the U.S. Coast Guard was validly terminated and that the defendant's right to possession of 46 Watrous Avenue as a Coast Guard dependent ended as of December 15, 2000.
Accordingly, judgment of possession may enter in favor of the plaintiffs.
BY THE COURT:
Dyer, J.